### SLEICHER v. PULLMAN CO. et al.

(Circuit Court, S. D. New York. May 4, 1909.)

1. REMOVAL OF CAUSES (§ 114*) — PROCEEDINGS AFTER REMOVAL — PROCESS IN STATE COURT.

Where a foreign corporation is doing some substantial business in a state, and a suit commenced in a state court by service of process valid under the state statute is removed into a federal court, such court will not set aside the service.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 114.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. REMOVAL OF CAUSES (§ 114*) — PROCEEDINGS AFTER REMOVAL — PROCESS IN
    STATE COURT.
        A foreign railroad corporation, which maintains offices in New York and
    there employs freight and passenger agents to solicit business, which also
    holds directors' meetings, disburses dividends, and keeps an office for the
    transfer of its stock there, with an assistant secretary, is doing some sub-
    stantial business in the state, and is subject to service of process under
    the New York statute, and such service will not be set aside by a federal
    court, in a suit brought in a state court, after its removal.

    [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 114.*]

On Motion of Chicago, Burlington & Quincy Railroad Company to
Set Aside Service of Summons.

Joseph G. Fenster, for plaintiff.
Alexander & Green, for defendants.

NOYES, Circuit Judge. The following facts upon the question
whether the defendant railroad company, a foreign corporation, is
doing business in the state of New York, may be regarded as estab-
lished by the affidavits: (1) Said defendant leases and maintains offices
in the state of New York, and employs freight and passenger agents
who solicit business therein and negotiate with intending shippers and
passengers. In some instances the passenger agent sends out and pro-
cures tickets for a prospective passenger from the initial carrier. (2)
Said defendant has an assistant secretary in said state, whose special
duty is to attend and give notice of directors' meetings held in said
state. (3) The directors of said defendant company sometimes hold
meetings and transact business in said state. (4) Said defendant owns
the office furniture, stationery, etc., in said offices in said state. (5)
Said defendant, for the convenience of its security holders, remits
money to fiscal agents in said state for disbursement among its bond-
holders and stockholders. (6) Said defendant has transfer agents in
said state, who occasionally make transfers of its stock.

Upon these facts it is conceded that the service of the process in
this action upon the assistant secretary was valid service under the
statutes of the state of New York. Manifestly the defendant was
doing some substantial business in the state, and came within the pur-
view of its statutes relating to the service of process upon foreign
corporations. It is true that these statutes are so broad that they may
in terms authorize the service of process upon the officers of corpora-
tions doing no business whatever in the state. In such a case the
service would be set aside upon removal to the Circuit Court. Goldey
v. Morning News Co., 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517.
But when it appears that such a corporation does some substantial
business in a state, and the suit is commenced in a state court, and the
service is valid under the state statutes, I do not understand that it
should be set aside after removal, even though such action would be
taken, had the case been commenced in the Circuit Court.

The facts in this case are stronger in favor of the plaintiff than in
Denver, etc., R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L. R.

A. 77, and Tuchband v. Chicago, etc., R. Co., 115 N. Y. 437, 22 N. E. 360, which the Supreme Court, in a case brought against the present defendant in the Circuit Court for the Eastern District of Pennsylvania (Green v. Chicago, etc., R. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916), although holding that the solicitation of business did not constitute doing business within the federal rule, distinguished upon the ground that they were cases in which the action was brought in the state court and the question related to the interpretation of state statutes and the jurisdiction of state courts. In the Denver Case the question was raised, as in the present case, in the Circuit Court after removal.

Although not necessary to the decision, I may add that I am not at all certain that, had this case been commenced in the Circuit Court, the principles of the Green Case, in view of the additional facts, would require the setting aside of the service.

The motion to set aside the summons and the service thereof is denied.