## WICHITA ROYALTY CO. et al. v. CITY NAT. BANK OF WICHITA FALLS et al.

### No. 8541.

Circuit Court of Appeals, Fifth Circuit.

June 10, 1938.

For prior opinion, see 95 F.2d 671.

Guy Rogers and Ray Bland, both of Wichita Falls, Tex., and Charles L. Black, of Austin, Tex., for appellants.

Leslie Humphrey, T. R. Boone, and Arch Dawson, all of Wichita Falls, Tex., and Tarlton Morrow, of Houston, Tex., for appellees.

Before SIBLEY and HOLMES, Circuit Judges, and MIZE, District Judge.

SIBLEY, Circuit Judge.

A motion for rehearing made in due time was overruled and the mandate sent down. The present motion, not within our rules on the subject, is based on the extraordinary ground that whereas the Supreme Court in Erie Railroad Company v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, and cases following it, has established that in reference to transactions governed by the law of a State the decisions of the Supreme Court of that State are to be followed in the federal courts, though no State statute is involved and nowithstanding the question is one of what has heretofore been referred to as "general law", in the decision in this case we have not followed the decision of the Supreme Court of Texas made on this very case.

The term at which our judgment was rendered has not closed and we have power to recall the mandate and rehear the case, though too late under our rules regularly to do so. We have committed ourselves in this case and in Seagraves v. Wallace, 5 Cir., 69 F.2d 163, to a liberal view of the rule of the law of the case, whereby the appellate court may and should correct plain error in its own decisions in a litigation until that litigation is finally closed. We would therefore on a later appeal in this litigation be faced with a reexamination of what we have said, and we may as well face it now. We accordingly have considered this motion on its merits, as though made in time; and the state of the decisions of the Texas Supreme Court having already been fully argued and nothing being proposed to be added on that score, we find no occasion to change our conclusions or to grant a rehearing to that end.

We of course retract anything in the opinion that may indicate a purpose not to be bound by the law of Texas as established by the decisions of the State courts. We think we have arrived at proper conclusions under the law of Texas, though we did not wholly accept the opinion in this case, 127 Tex. 158, 89 S.W.2d 394, 93 S.W.2d 143, written by the Commission of Appeals. We adhere to our view that as to that opinion, since by removal of the litigation to the federal courts we have become the appellate court therefor, we have the same right and duty to declare or redeclare the law of this case that the Supreme Court of Texas would now have if the case had not been removed. We believe the Supreme Court of Texas would probably agree with our conclusions in view of what it has since done. The case of Quanah, A. & P. Ry. Co. v. Wichita State Bank, Tex. Sup., 89 S.W.2d 385, was considered along with that of The Wichita Royalty Company and decided at the same time by the Commission of Appeals. Both decisions held the bank to a strict liability such as Wichita Royalty Company contends for. On rehearing the Quanah Case the Supreme Court withdrew entirely the opinion, and on elaborate examination of the general authorities decided the contrary and established as the law of Texas the rules applied generally elsewhere, 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821. This demonstrates that there is no peculiar law in Texas on this subject. Indeed, by statute

of Texas the common law as declared in the United States was in 1840 made of force, except as the legislature might alter it. Civil Stats. of 1925, Art. 1; Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1 Ann.Cas.1915C, 1011; Great S. Life Ins. Co. v. Austin, 112 Tex. 1, 243 S.W. 778. The opinion in the Wichita Royalty Company Case was reviewed and explained as "an action where it was charged that the bank actively participated in the spoliation of the trust fund and knowingly received a part of the fund to itself in payment of the trustee's individual debt to it." We have held the bank liable in so far as it did that. Since in the Quanah Case the Supreme Court holds that the law of Texas is what for want of a better term we may call the general law on the subjects involved here, and accordingly adopts rules generally followed in other States, we think our conclusions are in line with the law of Texas and that there is no occasion for a rehearing.

Rehearing denied.

————◆————

For prior opinion, see 96 F.2d 210.