## SARTOR et al. v. ARKANSAS NATURAL GAS CO.

### No. 2387.

District Court, W. D. Louisiana, Monroe Division.

Sept. 14, 1939.

G. P. Bullis, of Ferriday, La., for plaintiffs.

W. E. Arnold, Jr., of Texarkana, Ark., and Blanchard, Goldstein, Walker & O'-Quin, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This case was tried before a jury and resulted in a verdict for the plaintiffs, but on appeal, was reversed in part, because it was decided that the District Court had ruled erroneously upon the issue of prescription. In remanding the case, the Court of Appeals said: "The judgment appealed from is affirmed so far as the verdict of the jury fixes the market value of the gas upon which plaintiff is entitled to recover royalties and so far as the court determined the amount due in reconvention. As to the amount determined by the court to be due plaintiffs it is reversed. The cause is remanded with directions to enter judgment in conformity with this opinion. This does not necessarily involve the granting of a new trial. That question is left to the discretion of the district court." 5 Cir., 98 F.2d 527, 530.

It is apparent, therefore, that the only question left open by the Court of Appeals was the one of the amount due plaintiffs for gas produced more than three years prior to the filing of the suit. In other words, there was submitted to the jury the question of the market price of natural gas during the three years immediately before suit was filed and they found this to be .045¢ per thousand cubic feet in accordance with the stipulation submitting that issue to them, and this part of the verdict and decree was affirmed. The same situation appears to me to apply with respect to the reconventional demand of the defendant which was likewise affirmed and not left open for further determination by this Court.

Of course, if it be a fact that there was a different market price for natural gas at the well during any of the years in which production was had more than three years before the suit was filed, the plaintiffs would be entitled to receive pay only at that rate, rather than the figure which was determined by the jury for the three years just preceding the suit under the charge of the trial court. The market price of gas, for the period of production more than three years before the suit was filed, is an issue of fact, which the jury alone can determine. As I see it, and unless a subsequent decision by the State Court (Parker v. Ohio Oil Company, 191 La. 896, 186 So. 604) has changed the law of the State, or at least clarified it so as to show error in the present case on the last appeal, then I see no way in which the amount, if any, was due the plaintiffs for the earlier years, could be determined, without granting a new trial.

However, I am thoroughly convinced that the said decision of the State Court has now settled the law of Louisiana on the subject of prescription in demands for royalties contrary to the holding on the former appeal of this case by the Court of Appeals for this Circuit. I have quoted at length from this latest decision of the State

Supreme Court and expressed my views with respect thereto, fully, in the consolidated case of Pardue v. United Gas Public Service Company, handed down on the 21st day of August, 1939 and reported in D.C., 28 F.Supp. 847, and see no need of repeating them here.

■ The remaining question is as to whether or not I should feel at liberty to again consider the question of prescription without granting a new trial, or if granted, I should instruct the jury as I did before, that the plea of prescription of three years was good (which necessarily would result in a verdict for defendant on plaintiffs' claims more than three years old); or whether, without regard to the ruling of the State Supreme Court, as I understand it, I should, after granting a new trial, instruct the jury that ten years prescription applies, and leave to the Court of Appeals the necessity, if it should think as I do, the reversing of any verdict in favor of the plaintiffs. That course would require an expensive trial upon the issue of fact as to the market price of gas, which would be useless, if I am correct in my view as to the present law of the State. On the other hand, if I again sustain the plea of prescription, the matter can be carried up promptly, on a very abbreviated transcript in which the record on the former appeal can be made part by reference and be finally determined with very little expense. There seems to me to be substantial authority for this latter course. Messinger v. Anderson, 225 U.S. 436, 441, 32 S.Ct. 739, 56 L.Ed. 1152; American Surety Company v. Bankers' Savings & Loan Association, 8 Cir., 67 F.2d 803; Kellogg v. National Biscuit Company, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Wichita Royalty Company v. City National Bank, 306 U.S. 103, 59 S.Ct. 420, 83 L.Ed. 515.

My conclusion is that the motion for a new trial should be denied; that the decision of the Court of Appeals on the last appeal is final, in so far as the demand for the three years immediately preceding the filing of the suit and the reconventional demand are concerned, and that the plea of prescription of three years should be sustained. There should be judgment in favor of the plaintiff in accordance with the verdict of the jury heretofore rendered and sustaining the plea of prescription as to all other demands.