## MIDLAND VALLEY R. CO. v. JONES.

### No. 2096.

Circuit Court of Appeals, Tenth Circuit.

Nov. 1, 1940.

Rehearing Denied Dec. 3, 1940.

Charles P. Gotwals and James D. Gibson, both of Muskogee, Okl. (William A. Killey, of Muskogee, Okl., on the brief), for appellant.

C. A. Ambrister, of Muskogee, Okl., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

By a written lease dated July 1, 1929, the Title Guaranty Trust Company leased to the Midland Valley Railroad Company certain portions of a building in Muskogee, Oklahoma, for a term of five years, at a monthly rental of $925, payable in advance. Title to the building thereafter passed to Josephine C. Jones. The railroad company refused to pay the rent for December, 1931. Mrs. Jones thereupon brought an action against the railroad company for the recovery of this rent. Subsequent to the filing of this action, Mrs. Jones, through her agent, Zeb P. Jackson, entered into an oral agreement with the railroad company, under the terms of which the accrued rent for December, 1931, and January and February, 1932, was to be reduced to $772.50 per month, and the rental for the month of March, 1932, and thereafter was to be reduced to $620 per month. The railroad company was to surrender certain parts of the space occupied by it and the operation of one of the elevators was to be discontinued. The space was accordingly surrendered by the railroad company and service of the elevator was discontinued.

On February 29, 1932, the railroad company delivered to the agent for Mrs. Jones a check in the sum of $2,937.50, containing the following notation: "In full of office rent for second, third, fourth and part of fifth floors of Railway Exchange building, Muskogee, Okla., up to and including the 29th day of February, 1932, as agreed with Zeb P. Jackson, Agent, February 22, 1932, $2317.50. Rent in advance for the month of March, 1932, for second, fourth and parts of first and fifth floors as agreed with Zeb P. Jackson, Agent, February 22, 1932, $620.00, total $2937.50. * * * This voucher is endorsed as an acknowledgment of the receipt of payment in full of account as stated within."

Thereafter the railroad company continued to pay rent at the rate of $620 per month. In February, 1933, the railroad company notified Mrs. Jones that it would vacate the premises on or about April 1, 1933. It vacated the leased premises on April 30, 1933, and tendered Mrs. Jones a check for the rent for April, 1933, bearing the following notation: "In full payment and discharge of all obligations for or on account of office space in the Railway Exchange Building, Muskogee, Oklahoma, having completely vacated as of April 30th, 1933, $620.00."

The check was refused and an action was filed by Mrs. Jones against the railroad company to recover rent on the original lease from December 1, 1931, to the end of the term on the basis of the rental provisions of $925 per month in the written lease, less the payments made by the railroad company.

The railroad company filed its answer in the action, asserting the oral agreement, and alleged that no term of occupancy was fixed in the oral agreement and that it paid the rent under the oral agreement to and including the month of March, 1933, and that pursuant to the notice given in February, 1933, it vacated the premises on March 31, 1933.

At the close of the trial, counsel for Mrs. Jones requested the court to find that the original lease was modified by the oral agreement with respect to the space to be occupied by the railroad company, the amount of rental to be paid, and the elevator service. The court concluded that the written lease was abrogated and discharged by the oral agreement, and that by the oral agreement the parties entered into a new lease on a month to month basis at a rental of $620 per month. Judgment was entered for the railroad company. Mrs. Jones appealed to this court, where the case was reversed and remanded for a new trial. Jones v. Midland Valley R. Co., 10 Cir., 105 F.2d 322.

After the case was remanded, plaintiff sought and obtained permission to file an amended petition. The amended petition again recounted the execution of the original lease, its modification by the oral agreement, default in the payment of the rent, and prayed for judgment on the basis of a rental charge of $620 per month. The petition also contained an allegation that the amendment was made in order that the original petition would conform to the proof and come within the opinion of the Circuit Court of Appeals.

Defendant then filed an amended answer, which contained a general denial of liability and set up the further defense that the amended petition set forth a new cause of action which had accrued more than five years preceding the commencement of the original action and was therefore barred by the statute of limitations of the state of Oklahoma. A jury was waived and the cause was tried to the court. At the conclusion of the trial, the court made findings of fact and conclusions of law. The court concluded that the original lease contract was modified by the oral agreement; that the oral agreement did not abrogate the original lease but merely modified it; that the cause of action was upon the original lease as modified; and that the amended petition did not state a new cause of action. Judgment was rendered for plaintiff for $9,151.56, together with interest, from which judgment an appeal has been taken to this court. The parties will be referred to as they appeared in the court below.

■ The decision of this court in the former appeal became the law of the case as to all questions of fact or matters of law decided therein. 5 C.J.S., Appeal and Error, § 1821; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 10 Cir., 74 F.2d 386; American Investment Co. v. Baker, 122 Okl. 10, 250 P. 76.

The former decision of this court is to the effect that the original written lease as modified by the oral agreement was in full force and effect; that plaintiff was entitled to recover on the written lease in that action, not the $925 per month prayed for, but the sum of $620 per month. The court said (105 F.2d page 324):

"We conclude, therefore, that the written lease was effectually modified by the oral agreement executed with respect to certain of its stipulations and reduced to writing with respect to the remainder of its stipulations.

"It follows that Mrs. Jones was entitled to recover on the original lease as modified, rental on the basis of $620 per month from April 1, 1933, to the end of the term of the original lease."

■■ Where a decree is reversed and the cause remanded, with directions to grant a new trial, it stands the same, except as to matters settled by the decree, as if no trial had been had. The parties may amend their pleadings under proper restrictions in such a way as to conform to the views of the appellate court in respect to the

allegations of fact necessary to entitle them to the relief sought. This is the rule in Oklahoma, as well as the general law. Gourley v. Jackson, 142 Okl. 74, 285 P. 84; McIntosh v. Lynch, 93 Okl. 174, 220 P. 367; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 182, 41 S.Ct. 93, 65 L.Ed. 205; Hickey v. Johnson, 8 Cir., 9 F.2d 498; Millers' Mut. Fire Ins. Ass'n of Illinois v. Bell, 8 Cir., 99 F.2d 289. The amendment did not materially change the cause of action. It was still a suit upon the written lease.

The original petition alleged the execution of the written lease, its breach, and asked for the recovery of rent at the rate of $925 per month. Under the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, at the second trial this was a sufficient statement of the claim to entitle plaintiff to recover. True, the court found that plaintiff was not entitled to recover $925 per month, because the provision of the lease relating to payment of rent had been modified by the oral agreement. The fact that plaintiff was entitled to recover only $620 per month instead of the $925 for which she asked did not change the cause of action. It was still an action to recover damages for the breach of the written lease.

The judgment is affirmed.