## GOADE v. VOLLRATH.

### No. 694.

United States District Court
W. D. Missouri, Southwestern Division.
Dec. 24, 1948.

Max Patten, of Joplin, Mo., for plaintiff.

Ray E. Watson, of Joplin, Mo., for defendant.

RIDGE, District Judge.

■ The exact boundary between matters of procedure and matters of substantive right is not precisely defined in our jurisprudence. However, in causes removed from State courts to Federal courts certain clearly established rules have been announced from which, in view of the celebrated decision of our Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it would seem apparent that rights acquired by parties in removal actions whether characterized either as "substantive" or "procedural" rights, must be recognized and enforced by Federal courts after removal.

■ Erie Railroad Co. v. Tompkins, supra, "expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result." Guaranty

Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, 160 A.L.R. 1231.

■ Actions removed from State courts to Federal courts on the ground of diversity of citizenship, like originally instituted Federal actions, are subject to the policy above stated. Wichita Royalty Co. v. City National Bank of Wichita Falls, 306 U.S. 103, 59 S.Ct. 420, 83 L.Ed. 515. Applying that policy to removal actions and "putting to one side abstractions regarding 'substance' and 'procedure'" we find positive law in removal actions to the following effect. The transfer of a suit from a State court to the Federal court, by way of removal proceedings, does not vacate or nullify what has been done in the State court prior to filing the removal papers. Duncan v. Gegan, 101 U.S. 810, 25 L.Ed. 875; Lookout Mountain R. Co. v. Huston, C.C. 44 F. 449. The cause goes to the Federal court laden with whatever proceedings have properly attached thereto before the transfer. Wichita Royalty Co. v. City Nat'l. Bk., etc., 5 Cir., 95 F.2d 671, affirmed 306 U.S. 103, 59 S.Ct. 420, 83 L.Ed. 515. The District Court takes the case up where the State Court left off and the Federal Court, must, as far as possible, recognize and give effect to regularity of proceedings had in the State Court. McDonnell v. Wasenmiller, 8 Cir., 74 F.2d 320. In doing so, the Federal Court will respect the process of the State Court. Paragon Coal & Coke Co. v. J. W. Kirby & Sons Coal Co., D.C., 9 F.2d 686; Hudson Nav. Co. v. Murray, D.C., 236 F. 419, 423; Sleicher v. Pullman Co., et al., C.C., 170 F. 365; and if the State Court has properly acquired jurisdiction of the removed cause, by a method authorized by State laws, which method is not repugnant to the Federal Constitution, laws, or to natural justice, the Federal Court after removal will recognize the jurisdiction so obtained. Clark v. Wells, 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138.

When the case at bar was filed in a State Court of Missouri and service of summons was had on him, defendant, a resident of the State of Illinois, was within the State of Missouri solely for the purpose of attending a hearing in another action between the same parties then pending in that State Court. After removal of this action to this Court, defendant filed motion to quash the service of summons so made on him, on the ground that he was immune from service of such process while in attendance of the State Court under the foregoing circumstances. Under the laws of the State of Missouri, no such immunity is granted to a non-resident. Hardie v. Bryson, D.C., 44 F.Supp. 67, and Missouri case law there cited and considered by Judge Moore. It is on the premise that it is the policy of Federal Courts to grant immunity from service of summons to parties who enter a jurisdiction solely for the purpose of attending a trial that defendant seeks to have such question of service here determined. In support of that contention defendant asserts that the general rule on removal of causes is that the sufficiency of the service of process is to be tested by the requirements of service so as to give jurisdiction if the suit had been brought in the first instance in the Federal Court, citing In re Hall, et al., D.C., 296 F. 780; Vitkus v. Clyde S. S. Co., D.C., 232 F. 288; Feister v. Hulick, D.C., 228 F. 821; and Lovejoy v. Foster, D.C., 77 F.Supp. 414.

■ Notwithstanding the rule above stated and the foregoing authorities that sustain it, we think that since Erie R. Co. v. Tompkins, supra, it is no longer one to be followed, or to be considered as appropriate procedure in removal actions. By Erie R. Co. v. Tompkins, the Supreme Court requires District Courts of the United States to stand bound by the public policy of the individual States. Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 170 F.2d 44. It is, therefore, immaterial so far as Federal Courts are concerned whether such public policy arises from statutes, rules or decisions of the several States which might be characterized as "substantive" or "procedural". So long as such public policy is defined within the State, Federal Courts must follow and are bound by it. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Missouri has the right to deny immunity from service of summons to litigants or witnesses within its jurisdiction while attending court. That

it has done so to non-residents who voluntarily enter its jurisdiction solely for the purpose of attending trial is an established public policy of the State. Baisley v. Baisley, 113 Mo. 544, 21 S.W. 29, 35 Am.St. Rep. 726; Schwartz v. Dutro, Mo.Sup., 298 S.W. 769; Christian v. Williams, et al., 111 Mo. 429, 20 S.W. 96; State ex rel. Weast v. Moore, 164 Mo.App. 649, 147 S. W. 551; Pfeiffer v. Schee, Mo.App., 107 S.W.2d 170. Federal District Courts in Missouri are bound by that public policy and have no right to change it. Especially is that true in a removal proceeding where the claim to immunity could not be sustained, if at all, until after removal was effected. Hardie v. Bryson, supra.

 We need not presently concern ourselves with the question of immunity afforded litigants and witnesses who are served with process while attending trial in Federal Courts, as was the case in Hardie v. Bryson, supra. Here we have a non-resident voluntarily attending a hearing in a State Court of Missouri, who is served with process in another State Court action. The public policy of Missouri says he may be served with such process while so within its jurisdiction. That public policy of Missouri is violative of no Federal constitutional right or statute. As a derivative of that public policy, the Missouri Court, in which the instant action was filed and service of process was made, obtained jurisdiction over the person of defendant. By removal proceedings, defendant brought into this Court an action that by State law he was bound to make response to, or suffer judgment by default. Such removal proceeding could not destroy the jurisdiction so obtained over the person of defendant nor lessen the burden of his obligation to respond to the cause of action asserted against him by plaintiff. Plaintiff had the right to assert that cause of action against defendant and secure service of summons on him while the defendant was attending a trial of another action in the Courts of Missouri. By so doing, the law of Missouri is made applicable to the issues to be determined therein. This Court will not take that right from plaintiff. To require plaintiff to go to another jurisdiction to assert the cause of action

here stated against defendant, which plaintiff, a citizen of Missouri, would in all probability have to do, would be to deny to plaintiff the benefit of the public policy and law of the State of Missouri which are manifestly substantive rights. Missouri Courts would not deny to one of her citizens such benefits and under Erie R. Co. v. Tompkins, supra, this United States District Court must be likewise considerate.

Defendant's motion to quash return of summons is by the Court overruled.