## INLAND FREIGHT LINES v. UNITED STATES.

### No. 4528.

United States Court of Appeals
Tenth Circuit.

Feb. 10, 1953.

Rehearing Denied March 11, 1953.

Richard L. Bird, Jr., Salt Lake City, Utah (Dan S. Bushnell, Salt Lake City, Utah, was with him on the brief), for appellant.

George W. Howard, Washington, D. C. (Scott M. Matheson, U. S. Atty., and H. D. Lowry, Asst. U. S. Atty., Salt Lake City, Utah, were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This case is here for the second time. The defendant, Inland Freight Lines, as a common carrier by motor vehicle engaged in the transportation of property in interstate commerce, was charged with a violation of 49 U.S.C.A. § 322(g) by an information containing ten counts. On the first trial, the court submitted Counts II, VI, VII, IX and X to the jury and a verdict of guilty was returned on those counts. We reversed and remanded the case for a new trial solely upon the grounds that an instruction of the court erroneously advised the jury that negligence on the part of the company or failure on its part to check certain documents could be defined as knowingly and wilfully committing the unlawful act. Inland Freight Lines v. United States, 10 Cir., 191 F.2d 313. Upon retrial, there

was a conviction on Counts VII, IX and X. This appeal is from a judgment and sentence upon that conviction.

The nature of the charge in each of the three counts is the same. It is alleged that the defendant corporation is an interstate common carrier for the transportation of property by motor vehicle over public highways and subject to the Interstate Commerce Commission motor carriers' safety regulations (49 CFR 190–197); that it employed drivers to operate motor vehicles engaged in interstate transportation; and that the defendant did aid, abet, counsel, command, induce and procure the drivers to knowingly and wilfully prepare and keep driver's logs which did not show accurately the driving time of the drivers.

The evidence offered at the second trial was substantially the same as that submitted at the first trial. It was referred to in the former opinion and we shall not restate it at length here. In substance, the evidence shows that the drivers named in the counts prepared and filed with the defendant logs of their driving time and also other documents referred to as trip reports. These documents were filed and kept as part of the defendant's records. The required I. C. C. reports were made from the logs filed by the drivers. The drivers were paid from the trip reports. There was a wide discrepancy between the drivers' logs and the trip reports, and the testimony of the drivers indicated that the drivers' logs were false.

The I. C. C. regulations require each driver to keep an accurate log of his driving time in a log book, the form of which is specified by the Commission (Form BMC 59). Every motor carrier subject to the regulations is instructed to require each driver to maintain a driver's daily log in duplicate, and to forward daily the original of that log to the home terminal address.[1] From these reports the carrier is required to make a monthly report of every instance during the calendar month in which a driver has been on duty or required to drive or operate a motor vehicle in excess of the hours prescribed by the regulations.

The defendant contends that the allegations in the information charge only that it aided and abetted the drivers in preparing false logs, and that there is a total lack of any evidence to sustain this charge. The same argument was made on the former appeal and we held that the evidence was sufficient to take the case to the jury under appropriate instructions of the court. This holding became the law of the case. Midland Valley R. Co. v. Jones, 10 Cir., 115 F.2d 508. It is now urged with considerable emphasis that on the former appeal we misconceived the charge against the defendant and decided the case, not upon the charge in the information, but under another provision of the statute which made it an offense for a carrier to knowingly and wilfully preserve false logs. There was no misconception of the questions presented on the former appeal. The identical questions were briefed and argued to the court as they are now. In addition, this question was specifically called to our attention on petition for rehearing. There are statements in the first opinion which, if taken out of context, indicate that the charge was that of preserving false logs rather than of aiding and abetting in their execution. Examination of the opinion, however, will show that this was only one of the circumstances considered, and we held that this, together with all the other evidence and circumstances in the case, warranted an inference of guilt as charged. The law established in the first decision does not bind us absolutely. We have the power to change our position in a subsequent review of the same case. Orderly judicial procedure, however, requires that we refuse to permit the relitigation of matters or issues previously determined except in un-

---

1. 49 CFR Sec. 191.5 in part reads: "Each carrier subject to the regulations in this part shall require that a driver's log in duplicate shall be kept by every driver in his employ who operates a motor vehicle engaged in transportation in interstate or foreign commerce, and, if himself an owner-driver, shall keep such a log. Entries in said driver's log shall be made by the driver and shall show the place of origin and destination of the trip, the times of reporting for duty and of going off duty, the periods of driving or operating and other work, and any other information found desirable."

usual circumstances. Insurance Group Committee v. Denver & R. G. W. R. Co., 329 U.S. 607, 612, 67 S.Ct. 583, 91 L.Ed. 547; Wichita Royalty Co. v. City Nat. Bank, 306 U.S. 103, 107, 59 S.Ct. 420, 83 L.Ed. 515; Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152; Mayflower Hotel Stockholders Protective Committee v. Mayflower Hotel Corp., 89 U.S.App.D.C. 171, 193 F.2d 666, 669. No such unusual circumstances exist in this case.

Whatever misconception or confusion that existed in this case grew out of the use of the statutory language of 18 U.S.C.A. § 2[2] in the information. For some reason, the prosecution charged the defendant as an aider and abettor in the language of the aforesaid statute rather than as a principal. Generally an aider and abettor is charged directly with the commission of the offense, and proof that the accused aided and abetted in the commission of the offense will sustain the charge. Von Patzoll v. United States, 10 Cir., 163 F.2d 216, 219. The trial court seemingly took the view that the language of the information limited the offense to that of aiding and abetting, and that the defendant could not be held responsible under the statute for the acts of the drivers[3] in preparing the false logs—a question which we need not decide. Cf. United States v. Illinois Central R. R. Co., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773; New York, Central & H. R. R. Co. v. United States, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613; Boston & M. R. R. v. United States, 1 Cir., 117 F.2d 428; State Bank of Waterloo v. Potosi Tie and Lumber Co., 299 Ill.App. 524, 20 N.E.2d 893.

■ The defendant assigns as error the refusal of the trial court to give two of its requested instructions. The first was to the effect that defendant should be acquitted if a driver reasonably believed that he prepared his logs as required by the I. C. C.

Defendant admits that this subject was covered by the court's instructions, but contends that the instructions were arranged so that the jury could not understand the effect of them. In examining the instructions we do not find them ambiguous or misleading as to this subject. The jury was quite carefully instructed that to convict the defendant it must find that the drivers knowingly and wilfully made false logs.

The other refused instruction requested that the jury be charged that if the evidence established that one officer or agent of the defendant had in his possession an I. C. C. driver's log for a certain day, and that another had in his possession the trip report for the same day, the jury must acquit the defendant unless it found from the evidence that one of these persons or some other officer or agent of the defendant knew the contents of both documents and knew that the I. C. C. log was false and that an officer or agent of the defendant had aided or abetted in the falsification of the logs. We held to the contrary in the former decision.

■ Defendant filed a motion requesting the trial judge to disqualify himself in the case and bring in another judge for the trial. In support of this motion, an affidavit of bias and prejudice was attached pursuant to 28 U.S.C.A. § 144. The affidavit was replete with conclusions that the trial judge was prejudiced against the defendant, but there were no facts set forth to support those conclusions. The defendant relied upon excerpts from the testimony at the first trial, including remarks of the judge during the trial and subsequent proceedings, which were attached to the affidavit as an exhibit.

To warrant disqualification of a judge, the affidavit must contain more than mere conclusions on the part of the pleader. Facts must be pleaded which show that there exists personal bias and prejudice on the part of the trial judge. The remarks

---

2. This statute at the time the indictment was filed provided: "(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

3. In its instructions the court referred to the acts and knowledge of officers and employees as constituting the acts and knowledge of the defendant, and then stated, "Now, at that point I want to say to you that that means officers or employes other than those drivers."

of the judge relied upon were criticisms directed toward the conduct of certain witnesses who testified on behalf of the defendant at the first trial. While some of these remarks may have been unfortunate they were not in themselves sufficient to show bias or prejudice against the defendant. The allegations are not unlike those in Scott v. Beams, 10 Cir., 122 F.2d 777, certiorari denied 315 U.S. 809, 62 S.Ct. 795, 86 L.Ed. 1209.

Judgment is affirmed.

PHILLIPS, Chief Judge (concurring).

I concur in the affirmation of the judgment of conviction on Count IX. With respect to the judgments of conviction on Counts VII and X, I concur only because I feel bound by the decision of this court on the former appeal in this case.