Catherine Mondine HAYES, Appellant,

v.

**PIN OAK PETROLEUM, INC., et al., Appellees.**

No. 3–89–224–CV.

Court of Appeals of Texas, Austin.

Nov. 28, 1990.

Rehearing Overruled Jan. 23, 1991.

John S. Powell, Friendswood, for appellant.

Maureen A. Wharton, Houston, for appellees.

Before CARROLL, ABOUSSIE and JONES, JJ.

PER CURIAM.

At issue is the preclusive effect that should be given to a federal district court judgment in a subsequent suit in state district court regarding title to land. The

state district court granted a motion for summary judgment based on res judicata and collateral estoppel, and dismissed the cause with prejudice. We hold that the prior federal judgment does not preclude the state claim and, therefore, will reverse.

Appellant Catherine Mondine Hayes filed suit in state district court claiming an interest in the estate of Romeo Colvin, which consists in part of 1292 acres of land in Lee County. Colvin granted a life estate to his daughter, Ellen Williams, with the remainder to his siblings in the event Williams died without children. After Williams died without children, the 1292 acres were partitioned in 1931 by the probate court among the heirs of Colvin's brothers and sisters. Hayes was mentioned in the partition order as "the unknown daughter of Richard Mondine deceased," and this partition order is the basis for Hayes' claim. Hayes specifically claims that she is the owner of an undivided interest in approximately 300 acres out of the H. Best League in Lee County ("the 300 acres").

Hayes contends that E.L. Sehlke, under whom the appellees [1] claim title, did not obtain a deed for Hayes' interest in the 300 acres, and, thus, she still owns a joint interest in that land along with the appellees. Appellees Isabel Sehlke, Edward Sehlke, Jr., Clarence Bredthauer, and Betty Ann Holt filed a motion for summary judgment based on res judicata and collateral estoppel, asserting that Hayes' claim to the 300 acres was previously adjudicated by the judgment of the United States District Court for the Western District of Texas.

*In re Estate of Williams*, No. 827, W.D. Tex., February 5, 1959 (not published). The state district court found that title to the 300 acres was quieted in E.L. Sehlke against Hayes by virtue of the federal court judgment, and dismissed Hayes' claim against all appellees with prejudice. Hayes appeals by a single point of error contending that the state district court erred in holding that the federal court judgment precludes her current claim.

Hayes' point of error is divided into two parts. Her first contention is that the federal court judgment is neither res judicata [2] nor collateral estoppel because of insufficiency of the citation by publication on her in the federal cause. Her second contention is that the federal court judgment is neither res judicata nor collateral estoppel because the judgment only quieted the federal plaintiff's claims to E.L. Sehlke's interest in the 300 acres, leaving Hayes' claim as one of the unknown owners unaffected.

### Preclusive Effect of the Prior Federal Judgment

■ When defendants move for summary judgment on the basis of an affirmative defense such as res judicata or collateral estoppel, they must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). Appellees Isabel Sehlke, Edward Sehlke, Jr., Clarence Bredthauer, and Betty Ann Holt, thus, had the burden of showing that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law because of the preclusive effect of the prior federal judgment.

---

**1.** The complete list of appellees is Pin Oak Petroleum, Inc.; WCS Oil & Gas Corporation; Hechi Exploration Company; Mobil Producing Texas & New Mexico, Inc.; Isabel Sehlke; Edward Sehlke, Jr.; Clarice Bredthauer; Betty Ann Holt; Maurice Gantt; George E. Spacek; Bessie Belcher; Brenda Walker; Sharon Kay Pea; Ruby J. Reid; Loraine Hodge; Odell Hodge; Ernestine Moore; Adel Hancock; W.R. Hancock, Jr.; Ruby Nell Hardaway; Larry Bonds; Nancy Davis; Verda Robertson; Jack Hodge; Roscoe Hodge; Robert M. Edsel; William C. Shuford, Jr.; William C. Shuford, Sr.; Pin Oak Joint Venture; Teri Smith; Trustee

Bridge Oil, U.S.A., Inc.; James H. Edsel; Richard Jones; Rodney G. Laver; Karen S. Malone; 1986—STEA Limited Partnership; Togo & Company, Inc.; and other unknown defendants. Appellees are the owners of varying portions of the surface and mineral estates.

**2.** Although some courts and commentators use the term *res judicata* to encompass the doctrines of both claim preclusion (sometimes referred to as *true res judicata*) and issue preclusion (*collateral estoppel* or *direct estoppel*), we use the term here to refer solely to claim preclusion. *See* 18 Wright, Miller and Cooper, Federal Practice and Procedure § 4402 (1981).

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). Hayes does not contend that material issues of fact exist, but rather asserts that the federal judgment is neither res judicata nor collateral estoppel to her interest in the 300 acres because: (1) service was deficient; and (2) the federal judgment only quieted the federal plaintiff's claims to E.L. Sehlke's title, leaving Hayes' claim as one of the unknown owners unaffected.

■ Our analysis of this cause is governed by federal substantive law. Where the earlier judgment was rendered in federal court, we must follow the substantive federal law concerning res judicata and collateral estoppel. *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); Restatement (Second) of Judgments § 87 (1980) [hereinafter Restatement]. Interpretation of the earlier judgment is a matter for the court, using the same rules of construction for other written instruments. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564, 567 (1937).

### A. Collateral Estoppel

■ The preclusive effect of the federal judgment on this cause specifically invokes the doctrine of res judicata, not collateral estoppel, because the issue of the ownership of the 300 acres between Hayes and E.L. Sehlke has never been litigated.[3] Even if we assume that service was effective on Hayes as "the unknown daughter of Richard Mondine deceased," the federal judgment did not adjudicate the issue of E.L. Sehlke's title to the 300 acres against anyone but the plaintiff in the federal cause.

The terms of the federal judgment are ambiguous with respect to ownership of the 300 acres between Hayes and E.L. Sehlke. The judgment orders that "E.L. Sehlke have the cloud cast by plaintiff's suit upon his title to [the 300 acres] re-

moved and the same is hereby removed and title to said land is quieted in said defendant." The judgment further orders that "the unknown owners of [the 1292 acres] have the cloud cast by plaintiff's suit upon their title to said lands removed and the same is hereby removed and title to said lands is hereby quieted in them." The judgment clearly quiets Hayes' title in the 1292 acres, but fails to specify what portion of the 1292 acres she has an interest in. Further, it is unclear whether the judgment quiets E.L. Sehlke's title to the 300 acres only against the federal plaintiff or against the entire world.

■ Where a judgment is ambiguous, the pleadings, and if necessary extrinsic evidence, are admissible; not to contradict the judgment, but only to aid in construction of the judgment. *See Permian Oil,* 107 S.W.2d at 570; *see also Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987). Reference to the pleadings and the federal court's conclusions of law show that the federal judgment did not adjudicate the issue of E.L. Sehlke's title to the 300 acres against anyone but the federal plaintiff.

In E.L. Sehlke's counterclaim against the federal plaintiff he requested that:

> he have judgment against plaintiff and those whom he represents quieting his title to the [300] acres of land ..., removing the cloud cast upon his title by the assertion of said claim and the filing of said suit and adjudging that he is the owner in fee simple of said land and that plaintiff and those whom he represents have no right, title or interest in said land.

E.L. Sehlke did not file a crossclaim against any of his fellow defendants. Further, the federal court made a conclusion of law that "E.L. Sehlke has had a cloud cast upon his title to [the 300 acres] *by this suit*

---

**3.** "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action...." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

The United States Supreme Court has adopted the Restatement definition of collateral estoppel (issue preclusion). *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); Restatement, *supra,* § 27.

and is entitled to have *that* cloud removed and his title quieted." (Emphasis added). The federal judgment, therefore, did not quiet his title to the 300 acres against Hayes.[4]

## B. Res Judicata

■ The federal elements of res judicata, or claim preclusion, include: (1) identical parties in both suits; (2) prior judgments rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action involved in both cases. *Flippin v. Wilson State Bank*, 780 S.W.2d 457, 459 (Tex.App.1989, writ den.) (citing *Southmark*, 742 F.2d at 869). We have already determined that the federal lawsuit did not adjudicate the issue of ownership of the 300 acres between E.L. Sehlke and Hayes. The final matter to be determined, therefore, is whether Hayes is nonetheless precluded from litigating ownership to the 300 acres now because she failed to litigate this issue in the federal lawsuit.

■ The doctrine of res judicata is broader than the doctrine of collateral estoppel. As the United States Supreme Court has noted, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). The definition of what encompasses the claim involved in the first action determines the extent of the preclusion in the second action. 18 Wright, Miller and Cooper, *supra* note 2, § 4407. Specifically, the Fifth Circuit has adopted the transac-

tional test of the Restatement to determine whether two suits involve the same claim.[5] *Flippin*, 780 S.W.2d at 461; *Southmark*, 742 F.2d at 870–71; Restatement, *supra*, § 24. After examining the federal claim, we hold that Hayes' current claim was not part of the central transaction which was previously adjudicated.

■ Hayes, as "the unknown daughter of Richard Mondine deceased," was a codefendant with E.L. Sehlke in the federal lawsuit, and she was represented by an attorney ad litem. The central transaction in the federal lawsuit was the ownership of title between the plaintiff and defendants. E.L. Sehlke *could* have crossclaimed against the "the unknown daughter of Richard Mondine deceased" to quiet title to the 300 acres against Hayes. Mr. Sehlke did not. The parties have not cited to this Court, nor have we found, any authority from the federal courts that precludes codefendants from subsequently litigating matters between themselves that have not previously been raised. We agree that the better test is whether the former coparties had a full and fair opportunity to litigate the matters related to the claim resolved by the prior judgment, keeping in mind the realities of litigation. 18 Wright, Miller and Cooper, *supra* note 2, § 4450, at 425; *see Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir.1985); *Sullivan v. Easco Corp.*, 662 F.Supp. 1396, 1408 (D.Md.1987) (citing Restatement, *supra*, § 38). We hold that Hayes, as an unknown owner represented by an attorney ad litem, did not have a full and fair opportunity to litigate her co-ownership of the 300 acres against E.L. Sehlke.[6]

---

4. We do not mean to imply that the portion of the federal judgment quieting title in E.L. Sehlke does not bind Hayes merely because a crossclaim was not filed against her. However, E.L. Sehlke's counterclaim was solely against the federal plaintiff, a person who did not have standing to represent Hayes' interests and bind Hayes by the matters determined against the federal plaintiff. *See Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir.1984).

5. Decisions of the federal courts of appeals, of course, do not bind Texas courts although they are received with respectful consideration. *Bar-*

*stow v. State,* 742 S.W.2d 495, 501 n. 2 (Tex.App. 1987, writ den.); *see also Wichita Co. v. City Bank,* 306 U.S. 103, 109, 59 S.Ct. 420, 422, 83 L.Ed. 515 (1939).

6. We do not imply that the attorney ad litem failed in any way to adequately represent Hayes' interests as an unknown owner. Realistically it would be unreasonable to expect the ad litem to litigate the unknown claims of an unknown client. If E.L. Sehlke had crossclaimed against the unknown owners to quiet title to the 300 acres exclusively in himself, we would be presented with a different case.

Hayes' point of error is sustained to the extent that it asserts that her claim to the 300 acres was not previously litigated. It is, therefore, unnecessary for us to reach the other issue regarding the deficiency of citation in the federal lawsuit.

### Hayes' Summary Judgment Evidence

Because Hayes does not contend that material issues of fact exist, but rather asserts that as a matter of law the federal judgment is neither res judicata nor collateral estoppel, it is unnecessary to consider the contention of appellees that Hayes' response to the motion for summary judgment is not supported by competent summary judgment evidence.

Hayes also requested at oral argument that this Court take judicial notice of certified copies of numerous documents from the prior federal cause.[7] The Court directed the Clerk not to file these documents because our holding makes consideration of the documents unnecessary. We, therefore, deny as moot Hayes' request for judicial notice and express no opinion on whether a party can make judicial notice

mandatory at the appellate level. *See* Tex. R.Civ.Evid.Ann. 101(b); 201(d), (f) (Supp. 1990). In addition, appellee Mobil Producing Texas & New Mexico, Inc. filed a post-submission motion to disregard certain matters it claims are not properly part of the summary judgment record. We also dismiss this motion as moot because of our holding.

### Conclusion

Because we hold that the prior federal judgment does not preclude Hayes' state claim, we reverse the judgment of the district court and remand for a full trial on the merits. Additionally, Hayes' request for judicial notice is denied as moot and Mobil Producing Texas & New Mexico, Inc.'s motion to disregard is dismissed as moot.

---

**7.** Hayes' request for judicial notice should have been in the form of a motion, but this does not affect our disposition of her request. *Nuby v.*

*Allied Bankers Life Ins. Co.,* 797 S.W.2d 396, 398 n. 2 (Tex.App.1990, no writ); *see* Tex.R.App.P. Ann. 19 (Supp.1990).