**RUBENSTEIN v. UNITED STATES.**

No. 4808.

United States Court of Appeals
Tenth Circuit.

Aug. 4, 1954.

Rehearing Denied Sept. 1, 1954.

**668**

Isaac Mellman, Denver, Colo. (Gerald N. Mellman, Denver, Colo., on the brief), for appellant.

Donald E. Kelley, U. S. Atty., Denver, Colo., and Clifford C. Chittim, Asst. U. S. Atty., Boulder, Colo., for appellee.

Before PHILLIPS, Chief Judge, PICKETT, Circuit Judge, and KENNEDY, District Judge.

KENNEDY, District Judge.

The appellant, as defendant in the court below, was indicted for violation of 26 U.S.C. § 145(b), for the attempt to evade and defeat income taxes, and for violation of 26 U.S.C. § 3793(b) (1), for aiding and assisting in the preparation and presentation of a false and fraudulent return, the latter charge referring to the personal return of the defendant's wife, Zelda Rubenstein. The appellant and his wife were engaged in a co-partnership, out of whose operations the controversy in this case arises.

The cause was tried to a jury, resulting in a verdict of guilty on both counts, upon which the defendant was sentenced to pay a fine of ten thousand dollars upon each count and have execution therefor and to imprisonment for a period of three years upon each count of the indictment, the term of imprisonment on such counts to run concurrently. The appeal here is from such sentence and judgment.

The points upon which appellant bases his charges of error by the trial court are eight in number, which in abbreviated form are as follows: (1) the Court erred in denying the appellant's motion for a bill of particulars; (2) the trial Court did not properly define "willfully" and "knowingly" as contained in the statute; (3) there was not sufficient evidence presented showing that the appellant aided and assisted in the preparation of the false returns of his wife; (4) there was not a proper instruction to the jury that from a proven situation the tax followed as a matter of law; (5) the jury was not properly instructed upon the essential elements of proof required to be established under the net worth theory; (6) the Court failed to instruct the jury upon the elements of the crime charged in each count of the indictment; (7) the Court erred in admitting certain exhibits on behalf of the government; and (8) the comments and actions of the trial Court were such as to prejudice and inflame the jury against the appellant so as to prevent him having a fair and impartial trial.

As to points 1, 2, 4, 5, 6 and 7 it would plainly appear that these alleged errors have been fully and completely ruled adversely to the appellant either jointly or separately by this court in the cases of Holland v. United States, 209 F.2d 516, and Hooper v. United States, 213 F.2d 30, which, together with the cases cited in those opinions, make it seem unnecessary to further add to the legal literature of this Circuit upon the subjects therein discussed.

■■ As to the point that the Court erred in refusing a bill of particulars it might be mentioned that in addition to such matter being largely within the discretion of the trial judge as stated in the above cited cases, the record shows that the appellant upon two different occasions voluntarily appeared before revenue agents and fully discussed his returns as to his own figures and theirs concerning his 1946 return and those of previous years so that in advance of the trial he was fully advised as to the nature of the government's claim, thereby eliminating any element of surprise upon the trial.

■ Concerning point 8—that the attitude of the trial Court was such as to prejudice and inflame the jury against the appellant so as to prevent him from having a fair and impartial trial—the record seems to disclose more than the ordinary activity of the trial judge in the taking of the evidence, but it likewise shows that it was apparently inspired by the desire of the judge to expedite the trial rather than to take sides with either the plaintiff or the defendant. The principal complaint of the appellant accentuated along this line is with regard to the attitude of the Court criticizing a witness and counsel involving testimony of a brother of the appellant who testified that the appellant handed him a sealed envelope and told him that there was money in it. The Court informed the witness that his testimony in regard to what the appellant told him was hearsay and should be excluded and the witness either having misunderstood or in attempting to get the matter of the money being in the sealed envelope before the jury again attempted to repeat this testimony. The trial judge in a very firm manner criticized the witness and counsel in which he was undoubtedly justified for it was inadmissible as hearsay and if allowed to stand would be prejudicial to the appellee's case.

While counsel for appellant complains bitterly of the attitude of the Court in showing prejudice against the appellant, the record shows that the trial was conducted in a manner which is in general harmony with the statement made by this Court in the case of Inland Freight Lines v. United States, 191 F.2d 313, 316:

" * * * The trial court is not a mere moderator. The court has the power and is charged with the duty of directing the trial along paths of recognized procedure in a manner reasonably calculated to bring about a just result."

This view is substantially strengthened by the instructions of the Court which undoubtedly disabused the minds of the jury of any idea they may have had of any prejudice against the appellant or his counsel when he said:

"Ladies and gentlemen of the Jury, sometimes folks in the Courtroom during the course of a trial think they see in what the Judge does or says an indication of the Court's views of the facts or of the remarks of counsel in the case. The Court charges you, ladies and gentlemen of the Jury, that you are to disregard wholly and to lay out of your consideration in this case all such considerations, if you think there were any, for, ladies and gentlemen of the Jury, the Court has not intended to give you any such indications, and, moreover, ladies and gentlemen of the Jury, you are the sole judges of the questions of fact in this case bearing upon the guilt or the innocence of this defendant."

■ There remains for consideration point 3 based upon the second count of the indictment to the effect that there

was no evidence presented to the jury that the appellant aided and assisted in the preparation of the wife's income tax return for the year 1946. In this respect the record shows that this return of the wife was prepared by an accountant (Ginsberg) and was made up from the partnership returns representing cash which she had received during the year from that source. Upon that phase of the question this appears to be by itself a true report of what she did receive through the operations of the partnership and therefore cannot be considered as a false report but if it should be considered as a false report, in order to connect the appellant it would be necessary to show that he had a criminal agency in causing such report to be made as a false report rather than reflecting a true return of what the wife-taxpayer received from the partnership during the taxable year; but in addition an examination of the record shows that the accountant who made up the return testified that he made it up from the partnership return and that he did not get information from any other source except to say that "if there were any other I would have to get it from Mr. Rubenstein". Neither at this time, as found in the printed record at page 62, nor at another time when he was questioned, as shown by the record on page 221, did he affirmatively say that he got any information in regard to the return of the wife from the appellant. Under both of these situations it is indeed questionable if there is sufficient evidence to show that the defendant was guilty under this count beyond a reasonable doubt; first, because the report made for the wife was evidently a true report as made up from the partnership records, and second, because the evidence is clearly insufficient to show that the appellant had anything to do with the action of the accountant in making up such return.

For the reasons stated the sentence and judgment of the Court upon the first count of the indictment should be and is affirmed and upon the second count should be and is reversed.