**UNITED STATES of America**

v.

**JORALEMON BROTHERS, INC., a Corporation, Defendant.**

United States District Court
E. D. New York.

June 3, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., William H. Sperling, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for the United States.

James J. Beha, New York City, Francis J. Ortman, Washington, D. C., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The defendant, Joralemon Brothers, Inc., is charged in an eight count Information with violations of 49 U.S.C.A. § 322(a), part of the Interstate Commerce Act, applicable to motor carriers.

The defendant is engaged in the transportation business, specializing in the carriage of cast iron pipe, manufactured in New Jersey, to points in New York State and elsewhere.

The said statute, insofar as applicable, provides that

"Any person knowingly and willfully violating * * * any * * * regulation (duly adopted, pursuant to said Act)" shall be guilty of an offense.

Counts one to five, inclusive, pertain to five separate violations, affecting the same motor vehicle truck tractor number 76, discovered by a road inspection conducted on April 25, 1957, viz.:

1. Loose and dangling electric wires.

2. Fire extinguisher not properly filled.

3. Lack of an audible or visible warning signal to indicate to the driver any loss or lack of air sufficient to prevent said truck tractor from being stopped.

4. Failure to equip the vehicle with an operative speedometer or tachometer.

5. Failure to secure brake hoses against chafing, kinking or other mechanical injury.

Count six pertains to a violation affecting truck tractor number FH 253, discovered by a road inspection also conducted on April 25, 1957, viz.:

Failure to secure brake hoses against chafing, kinking or other mechanical injury.

Counts seven and eight pertain to two separate violations, affecting the same motor vehicle, semitrailer 65, discovered by a road inspection also conducted on April 25, 1957, viz.:

1. Failure to equip the vehicle with a red sidemarker lamp on the left rear thereof.

2. Failure to equip the vehicle with an amber reflector on the left front thereof.

The defendant operated 40 tractors and 51 trailers and averaged 300 to 400 trips monthly. The vehicles moved considerable distances from the defendant's plant in New Jersey and carried extremely heavy freight, iron pipe, subjecting them to rather severe tests. Under the circumstances, the mere occurrence of violations, and the Court does not condone them, would not constitute criminal acts.

▆ A knowing and willful act, within the meaning of the aforesaid statute, is one that is conscious and intentional, deliberate and voluntary, rather than merely negligent. United States v. Reid, D.C., 110 F.Supp. 253; Inland Freight Lines v. United States, 10 Cir., 191 F.2d 313.

In determining the question of willfulness the testimony and reports made by the defendant's witness C. E. Darrigrand, District Supervisor of the Bureau of Motor Carriers, warrant consideration. Under date of November 8, 1957, some six months subsequent to the date of the alleged commission of the subject offenses he reported to his superiors (Exhibit E) that the defendant "appears to be making earnest efforts to maintain its equipment in good working order." The report indicates that he based the statement upon safety surveys made at the defendant's plant on August 24, 1955, November 8, 1956 and April 23, 1957, at which times the safety regulations were allegedly discussed with the defendant's officers. The report further notes that defendant had four employees employed full time in its garage, including three mechanics.

A later investigation report, dated January 17, 1958 (defendant's Exhibit D), signed by Mr. Darrigrand, which apparently led to the present charges, contains the following statement:

"Knowledge and Wilfulness

"Records in respondent's (defendant's) file in the Trenton Field office indicate members of the Field Staff have discussed the MCSR with the carrier and his employees on numerous occasions in the past. "Safety Surveys have been conducted at the carrier's terminal under dates of August 24, 1955; November 8, 1956; April 23, 1957, which were followed up with letter directing its attention to irregularities noted."

No testimony was offered at the trial that members of the field staff visited the plant of the carrier, other than that given by the defendant's witness C. E. Darrigrand. He stated that he never personally discussed safety equipment with the defendant; that on his visit made on August 24, 1955, no vehicles were available for inspection. His follow-up letter to the defendant, Exhibit B, dated August 26, 1955, mentions the visit and merely reminds defendant to keep proper accident records.

Mr. Darrigrand, on the stand, made no claim of a visit on November 8, 1956, nor was a follow-up letter produced.

Defendant's witness, Warren Joralemon, testified that Mr. Darrigrand called on April 23, 1957, and stated that the equipment was good and that it did not require checking by him. The follow-up letter from Darrigrand to defendant, Exhibit S, dated May 1, 1957, mentions the visit on April 23, 1957, and merely directs attention to keeping records required by Section 195.8.

▆ After careful consideration of all of the evidence, the Court concludes that the plaintiff has failed to establish the guilt of the defendant beyond a reasonable doubt and accordingly finds the defendant not guilty of the offenses charged in the Information.