John Joseph POWERS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6966.

United States Court of Appeals
Tenth Circuit.

June 22, 1962.

G. Gordon Hoxsie, Salt Lake City, Utah, for appellant.

Gerald R. Miller, Salt Lake City, Utah (William T. Thurman, Salt Lake City, on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment rendered pursuant to Appellant's conviction under the Dyer Act (18 U.S.C. § 2312). At trial, Appellant relied principally upon the defense of insanity. Expert witnesses, produced by both parties, gave conflicting testimony concerning Appellant's mental responsibility at the time of the commission of the offense and, under appropriate instructions by the court, the jury resolved the issues against Appellant and returned a verdict of guilty. Appellant now asserts that comments of the trial court exceeded the proper bounds of discretion; that it erred in not giving one of Appellant's requested instructions; and that Appellant was entitled to a directed verdict of acquittal on the strength of a government psychiatric report.

The alleged objectional "comments" of the trial court were, in fact, a series of questions propounded to a government psychiatrist who had examined Appellant upon order of the court. The doctor had initially written a letter indicating that Appellant was mentally unable to stand trial, but later, had described him as then being able to stand trial. It is contended that the questions by the court indicated to the jury the

**158**

judge's displeasure with some supposed conflict between the doctor's two evaluations of Appellant and that the sum total of these questions was reversibly prejudicial. Our reading of the suspect portion of the record, however, fails to support this contention. It is clear that the court's questions were for the purpose of correlating for the jury terminology employed by the doctor, and that which was to be used by the court in the instructions. Indeed, no objection was taken to either the questions asked by the court or the manner of their presentation and, when the court concluded his examination, the jury was carefully admonished that the court's role in the questioning was to have no bearing upon their consideration of the merits of the issue. The court did not assume the role of an advocate for either side and his interrogation was entirely propitious for the purpose of rendering the doctor's prior testimony intelligible to the jury. See Fritts v. United States (10 C.A.), 80 F.2d 644; Fisher v. United States (10 C.A.), 212 F.2d 441; and Rubenstein v. United States (10 C.A.), 214 F.2d 667, cert. denied 348 U.S. 896, 75 S.Ct. 215, 99 L.Ed. 703 and 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 858.

■ The trial court rejected Appellant's request to instruct the jury that in the event they found the defendant not guilty by reason of insanity " * * * that it would not necessarily mean that the defendant would be entitled to go free; that it was within the common law power of the court to order the defendant confined to a mental hospital." The short answer is that federal courts have no such common law power, and the requested instruction was therefore inappropriate. See Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Higgins v. United States (9 C.A.), 205 F.2d 650.

■ Lastly, the government psychiatric report which Appellant urges entitled him to a directed verdict of acquittal contains no stated conclusion or opinion as to his mental capacity, in terms of criminal culpability, as of the time the offense was committed. It therefore lacked the sine qua non of his defense. The report was prepared pursuant to 18 U.S.C. § 4244, for the sole purpose of determining whether Appellant was then able to understand the nature of the charges and to adequately assist his counsel. The court accepted the report and found Appellant competent to stand trial. But the question of Appellant's competency at the time of the commission of the offense was properly left for the determination of the jury.

Affirmed.