John Joseph POWERS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7251.

United States Court of Appeals Tenth Circuit.

April 1, 1963.

Rehearing Denied April 19, 1963.

Joseph R. Quinn, Denver, Colo., for appellant.

Walker E. Anderson, Asst. U. S. Atty. (William T. Thurman, U. S. Atty. was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL, Circuit Judge.

PER CURIAM.

This is an appeal from a summary denial of appellant's motion under 28 U.S. C.A. § 2255 to vacate a judgment and sentence for violation of the Dyer Act (18 U.S.C. § 2312). After his sentence on a jury verdict appellant was granted leave to appeal in forma pauperis. Counsel was appointed in the district court to perfect and prosecute the appeal. The appeal was perfected, the case was briefed and argued, and affirmed. See Powers v. United States, 10 Cir., 305 F.2d 157.

This motion under § 2255 attacks the competence of appointed counsel's representation in this court. Specifically, petitioner complains that appointed counsel failed to read the transcript of record and made certain material misrepresentations in oral argument concerning the testimony of one of the trial witnesses. The trial court observed that since the motion related to claimed mis-

representations on appeal it did not "relate to matters which would invalidate the judgment or sentence within the contemplation of Section 2255." We fully agree with the trial court that § 2255 is not an appropriate remedy to test appellant's allegations. Since, however, the petitioner is here complaining of matters occurring in this court before the same judges on appeal we will take cognizance of the allegations to determine whether he is entitled to any relief. We will, of course, take notice of the brief filed on direct appeal and the oral argument in petitioner's behalf. It is only fair to state with respect thereto that the brief adequately and effectively presented all of the conceivable points and issues in the case. The case was argued with commendable force and clarity as was indeed the argument made by appointed counsel in the instant appeal. The accusations against appointed counsel are wholly unwarranted and reprehensible. The appeal is scurrilous and frivolous and it is dismissed.