Genevieve **AIMONETTO**, Plaintiff-
Appellant,

v.

**FIRE INSURANCE EXCHANGE, a Mem-
ber of the Farmers Insurance Group,
Defendant-Appellee.**

No. 14–69.

United States Court of Appeals
Tenth Circuit.

Oct. 29, 1969.

George A. Bangs, Rapid City, S. D.
(Bangs, McCullen, Butler, Foye & Sim-
mons, and Joseph M. Butler, Rapid City,
S. D., with him on the brief), for plain-
tiff-appellant.

George F. Guy, Cheyenne, Wyo. (Guy,
Williams, White & Mulvaney, and Ted

Simola, Cheyenne, Wyo., with him on
the brief), for defendant-appellee.

Before PHILLIPS, BREITENSTEIN
and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant sued to recover on
a fire insurance policy issued by defend-
ant-appellee Farmers Insurance Ex-
change. The district court granted sum-
mary judgment for the defendant on the
ground that the policy had been voided
by concealment and misrepresentation of
the ownership of the property insured.
. This appeal followed.

The policy was issued on July 8, 1966,
in the amount of $65,000 and named as
the insured William Haley doing busi-
ness as Uptown Bargain Center. It cov-
ered a commercial building in Newcastle,
Wyoming. The policy recognizes plain-
tiff Genevieve Aimonetto as the holder
of a second mortgage. Actually Gene-
vieve was, and since 1956 had been, the
fee owner of the property. Haley pro-
cured the policy from David Williams,
an agent of the insurer. Williams asked
Haley about any connection of the Aimo-
nettos with the property and was told
that the only interest was that of Gene-
vieve as a second mortgagee. Williams
had directions from the insurer not to
write any fire insurance for the Aimonet-
tos. On December 19, 1966, the insurer
sent notices to Genevieve and Haley that
the policy would be cancelled effective
January 2, 1967, because of failure to
eliminate certain hazardous conditions.
On January 1, 1967, the property was
severely damaged by two fires.

The policy contained the following
provision:

"This entire policy shall be void if,
whether before or after a loss, the in-
sured has wilfully concealed or mis-
represented any material fact or cir-
cumstance concerning this insurance
or the subject thereof, or the interest
of the insured therein, or in case of
any fraud or false swearing by the in-
sured relating thereto."

In the spring of 1966, Leo Aimonetto, the husband of Genevieve, made an oral agreement with Haley whereby Haley was to purchase the building for Uptown Motors, Inc. For several months after June, 1966, Haley used the building for an enterprise known as Uptown Bargain Center which engaged in the sale of discount merchandise.

In December, 1966, Leo had a Newcastle lawyer prepare an agreement of sale of certain property. It included the building, which was listed as owned by Genevieve. The agreement showed Leo and Genevieve as sellers and Uptown Motors, Inc., William P. Haley, as buyer. Haley gave a $25,000 promissory note as the down payment. The note has not been paid.

The plaintiff argues that fraud may not be resolved on a motion for summary judgment. The point is not relevant because the pertinent policy provision is in the disjunctive and voids the policy for wilful concealment and misrepresentation or fraud. In a case not concerned with the avoidance provision of a policy, Wyoming has held that "concealment of facts material to the risk will avoid the policy even though the concealment was the result of inadvertence or mistake and was entirely without fraudulent intent." All American Life & Casualty Company v. Krenzelok, Wyo., 409 P.2d 766, 768. The record shows concealment and misrepresentation of the interest of the insured. When the policy issued, Haley, the named insured, had no legal title or enforceable interest in the property. Whatever the oral agreement between Haley and Leo might have been, it was void under the Wyoming Statute of Frauds. Sec. 16–1 W.S. 1957. The avoidance clause of the policy specifically covers misrepresentation and concealment of the interest of the insured. The claim of immateriality of such interest is negated by the policy itself.

The assertions of the impropriety of a summary judgment because of genuine issues of fact are unpersuasive. When Haley applied for the insurance, he knew that his only interest came from an oral contract made with Leo. He knew that he had not given Genevieve a second mortgage. He knew that he had no money available to make the purchase except for an illusory promise from his sister to loan him $25,000 upon the settlement of an estate. He knew that he had $25,000 of outstanding judgments against him. It stretches credulity to say that, in these circumstances, Haley thought that he owned the property and that Genevieve's interest was relegated to that of a second mortgagee. The cases cited by plaintiff on the rights of purchasers under conditional sales contracts reserving title to the seller are of no avail to her because no enforceable contract was negotiated until months after the policy became effective.

Plaintiff argues that the policy requires wilful concealment and misrepresentation and that a genuine controversy exists over wilfulness. Wilfully means "deliberately, voluntarily, or intentionally as distinguished from inadvertence or ordinary negligence." Inland Freight Lines v. United States, 10 Cir., 191 F.2d 313, 316. When the agent for the insurer asked Haley if the Aimonettos had any interest in the property, Haley replied that Genevieve had a second mortgage. However, in his deposition Haley testified that at the time he understood that Genevieve's interest was that of "full ownership." We see no basis for a claim of inadvertence or negligence. The facts disclose nothing but wilfulness.

Our review of the record convinces us that there is no dispute over the policy terms, the ownership of the property by Genevieve, the wilful concealment of that ownership, or the wilful misrepresentation of ownership by Haley. The avoidance provision of the policy precludes recovery. The district court properly gave summary judgment for the insurer.

Affirmed.